IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBLE SURGICAL HOSPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-03000 |
| | § | |
| AETNA LIFE INSURANCE CO., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## HUMBLE SURGICAL HOSPITAL, LLC'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Humble Surgical Hospital, LLC ("HSH") files this First Amended Complaint against Defendant, and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff Humble Surgical Hospital, LLC ("HSH"), is a Texas limited liability company doing business in Harris County, Texas.

2. Defendant Aetna Life Insurance Company ("Aetna") is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Aetna has already appeared in this action.

### II. VENUE & JURISDICTION

3. The Court previously found subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it found HSH's state-law claims for defamation and business disparagement were completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

4. The Court previously found that the proper venue for this action is the District Court for the Southern District of Texas, Houston Division.

## III.  FACTUAL BACKGROUND

5. HSH is a multi-specialty hospital, duly licensed by the Texas Department of State Health Services. HSH is within the premier group of multi-specialty hospitals in Texas, providing a safe surgical environment and employing state-of-the-art equipment and expert staff.

6. HSH's state-of-the-art facility has attracted the attention of numerous experienced physicians providing medical services in various specialty areas, such as orthopedics, podiatry, neurology, and general surgery. Some of these physicians, through their professional entities (the "Physician Entities"), have entered into Hospital Outpatient Surgical Center Use Agreements, Appointment and Services Agreements, and Business Associate Agreements (collectively, the "Participation Agreements") with HSH.

7. Under the Participation Agreements, the Physician Entities are permitted to use HSH's facilities to perform medical services. When the Physician Entities use HSH's facility, they pay HSH for their use of that facility and, in turn, are entitled to bill the insurer for the associated hospital, or "facility," fees.[1]

8. The Participation Agreements are not improper or unethical, and are in compliance with all state and federal laws. No Texas state agency or court has ever held that the Participation Agreements, or agreements similar to the Participation Agreements, violate any state or federal laws.

9. Nevertheless, Aetna has, and continues, to misrepresent to HSH's physicians, patients, and potential patients that the Participation Agreements are illegal, as well as improper

---

[1] Most medical claims include two kinds of fees: a facility fee and a physician fee. The hospital is typically paid the facility fee and the doctor is typically paid the physician fee.

and unethical. For example, Aetna sent letters to physicians with Participation Agreements at HSH, asserting that the Participation Agreements are "fee-splitting agreements [which] are illegal, improper and unethical." A true and correct copy of one such correspondence is attached as Exhibit A. Aetna has also sent notices to Aetna members informing them that the Participation Agreements constitute an "improper agreement with our network physicians to compensate those physicians for referring patients to Humble Surgical Hospital." A true and correct copy of one such notice is attached as Exhibit B.

10. Aetna made these statements with knowledge or reckless disregard of their falsity.

11. Aetna lacks any privilege to make these statements. Aetna has no standing to make a determination about the Participation Agreements' legality (or, for that matter, to have a court make that determination), as the court in *Aetna Health , Inc. v. Michael L. Blackwell, M.D. et al.,* recently held. A true and correct copy of the order dismissing Aetna's claims seeking a determination of the Participation Agreements' legality is attached hereto as Exhibit C.

12. Aetna's statements have necessarily caused injury to HSH and its business.

13. By letter dated December 16, 2013, HSH made a timely and sufficient request for a retraction from Aetna.

14. Aetna responded by letter dated December 17, 2013, making it clear Aetna had no intention to retract its defamatory and disparaging statements.

15. No retraction has been made.

### IV.    CAUSE OF ACTION

**Injunctive and Other Appropriate Equitable Relief Under ERISA's Civil Enforcement Provision, Section 502(a)(3)**

16. The foregoing allegations are incorporated by reference as if fully set forth herein.

17. Aetna has made defamatory and disparaging statements concerning HSH to, among others, HSH's patients and potential patients, who are members of benefit plans governed by ERISA. Aetna is responsible for receiving, processing, and investigating claims under these benefit plans and for effectuating any resulting benefit payments. As a result, Aetna is an ERISA fiduciary with respect to such plans.

18. By making defamatory and disparaging statements to members of benefit plans governed by ERISA, Aetna has failed to comply with its obligations, including its fiduciary obligations under ERISA, to, among other things, convey truthful and accurate information.

19. As an assignee and authorized representative of members of benefit plans governed by ERISA, HSH has standing to pursue claims, including claims for breach of fiduciary duty, under ERISA.

20. Aetna's defamatory and disparaging statements have caused injury to HSH and its business.

21. Unless enjoined from doing so, Aetna will continue to not comply with its obligations, including its obligations under ERISA, to HSH's severe detriment. Further, a monetary judgment will not serve as adequate compensation to HSH.

22. Under ERISA § 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), HSH is entitled to a preliminary and permanent injunction requiring Aetna to cease making statements that the Participation Agreements are illegal, improper or unethical.

23. HSH is also entitled to other appropriate equitable relief for Aetna's violation of its fiduciary duties under ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), including restitution, surcharge, and Aetna's removal as a fiduciary.

## V.  CONDITIONS PRECEDENT

24. All conditions precedent have been performed or have occurred.

## VI.   JURY DEMAND

25.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HSH hereby requests a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, HSH demands (1) a permanent injunction against Aetna, requiring Aetna to cease making statements that the Participation Agreements are illegal, improper or unethical; (2) other appropriate equitable relief to which it may show it is entitled; and (3) reasonable attorneys' fees, as provided by ERISA § 502(g), 29 U.S.C. § 1132(g).

Respectfully submitted,

By: */s/ Edward John ("Jack") O'Neill, Jr.*
Edward John ("Jack") O'Neill, Jr.
Texas Bar No. 15288500
Southern District of Texas No. 3696
*Attorney in Charge*

PIERCE & O'NEILL, LLP
4203 Montrose Boulevard
Houston, Texas 77006
(713) 634-3600  Main
(713) 634-3638  Direct
(713) 634-3639  Facsimile
joneill@pierceoneill.com

OF COUNSEL:

Scott R. Humphrey
Texas Bar No. 24032442
Southern District of Texas No. 592627
shumphrey@pierceoneill.com
Courtney E. Hawkins
Texas Bar No. 24050732
Southern District of Texas No. 685226
chawkins@pierceoneill.com
Brian Cathey
Texas Bar No. 24080825
Southern District of Texas No. 1531850
bcathey@pierceoneill.com

PIERCE & O'NEILL, LLP
4203 Montrose Boulevard
Houston, Texas 77006
(713) 634-3600  Main
(713) 634-3639  Facsimile

                                                    ATTORNEYS FOR PLAINTIFF
                                                    HUMBLE SURGICAL HOSPITAL, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 7, 2014, I electronically filed the foregoing pleading with the clerk of the court for the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                    */s/ Edward John ("Jack") O'Neill, Jr.*
                                                    Edward John ("Jack") O'Neill, Jr.

888505.1