IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBLE SURGICAL HOSPITAL LLC, | § § | JURY DEMANDED |
| Plaintiff, | § § | |
| VS. | § § | |
| | § | CIVIL ACTION NO. 4:14-cv-03000 |
| AETNA LIFE INSURANCE COMPANY | § § § | |
| Defendants. | § § | |

## AETNA'S UNOPPOSED MOTION TO TRANSFER CASE TO JUDGE HUGHES' COURT

Aetna Life Insurance Company ("Aetna") files this Unopposed Motion to Transfer Case to Judge Hughes' Court, and would respectfully show the Court as follows:

1. This case shares common questions of law and fact with *Aetna v. Humble Surgical Hospital, LLC* (Civil Action No. 4:12-cv-1206) (the "*Aetna* case") pending before Judge Lynn N. Hughes since 2012. Judge Hughes is already well-versed in both the facts and the law that are at issue here. In fact, the claims asserted in this case should have been asserted in the *Aetna* case because they arise out of Aetna's actions in carrying out its administrative duties pursuant to a Court order Judge Hughes entered in that case.

2. Instead, Humble filed this case in Connecticut state court. Aetna removed it to federal court and filed a motion to dismiss or, in the alternative, to transfer. This case involves the same two parties and raises issues previously presented to Judge Hughes. U.S. District Judge Vanessa Bryant transferred the case, after denying Humble's motion to remand, finding Humble's slander claims preempted under ERISA, granting Humble leave to amend to assert ERISA claims, and finding that Aetna satisfied the requirements for transfer based on the litigation currently pending before Judge Hughes, the first filed litigation.

HOU:3490692.2

3. While this Court would handle all issues in due course, because of the efforts Judge Hughes has already expended in this case, Aetna respectfully suggests that this case should be transferred to Judge Hughes' court to "secure the just, speedy, and inexpensive determination" of this proceeding.  FED. R. CIV. P. 1; *see also* FED. R. CIV. P. 42.

4. Judge Hughes is already familiar with the following facts and legal issues from the *Aetna* case, and these same issues are present here:

- Aetna's claims regarding Humble's overbilling of healthcare services it purportedly provided to Aetna members;

- Aetna's claims under ERISA, common law fraud, and money had and received;

- Humble's counterclaims under ERISA (motion for leave pending);

- Humble's payment to Aetna's in-network doctors for referring patients to Humble in violation of their in-network agreements and Texas law;

- Aetna's notification to its members and in-network doctors of Humble's actions, that Aetna would not pay claims under such arrangements, and that doctors who participated in such arrangements would be terminated from Aetna's network;

- Humble's motion in the Houston litigation seeking relief based on Aetna's communications, claiming they were destroying Humble's business and reputation;

- After a two day hearing, the Court ruled that Aetna may use information about the practices and providers that it has learned of, regardless of its source, as long as its use is directly related to its participants, plans, providers, practices, physicians, and other aspects of claim administration;[1]

- Humble filed this litigation in Connecticut state court, alleging defamation and business disparagement and relying on the same evidence presented to Judge Hughes;

- Humble's allegations in this litigation about Aetna's plan administration and denial of various medical claims under the relevant ERISA plans at issue in the litigation before Judge Hughes;

---

[1] *See Aetna* case, Order on Relief (Dkt# 177) (filed Nov. 26, 2013).

- Judge Hughes held several hearings after Humble filed this suit and found that this litigation was directly related to the issues presented to him and he ordered Aetna to provide Judge Bryant with copies of the transcripts from the relevant hearings.

5. After considering all of the evidence and arguments of counsel, Judge Bryant transferred this case to the Southern District of Texas, where the first filed litigation is pending. This case should be transferred to Judge Hughes so that he can determine whether to consolidate this matter with the first filed *Aetna* case.

6. "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936)). That broad managerial power includes the authority to transfer and consolidate cases for the convenience of parties and witnesses, in the interests of justice, and to avoid unnecessary cost or delay. *See, e.g.,* 28 U.S.C. § 1404(a); FED. R. CIV. P. 42(a).

7. A transfer of this case to Judge Hughes' Court will avoid an unnecessary duplication of efforts, and thus unnecessary costs and delay, for both the Court and the parties. A transfer to Judge Hughes's Court would expeditiously and judiciously resolve this matter without an unnecessary expense of time, effort, and resources. Accordingly, Aetna respectfully requests that this Court exercise its power to promote justice and avoid inefficiencies by transferring this case to Judge Hughes' Court.

8. Humble does not oppose the transfer of this case to Judge Hughes' court.

9. A courtesy copy of this motion will be delivered to both this Court and Judge Hughes' chambers.

Respectfully submitted,

By: */s/ John B. Shely*
**John B. Shely**
Federal ID No. 7544
State Bar No. 18215300
**Dena Palermo**
Federal ID No. 6082
State Bar No. 08928830
**Brian Pidcock**
Federal ID No. 1654553
State Bar No. 24074895
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4152 (JBS)
(713) 220-3846 (DP)
(713) 220-3916 (BP)
jshely@andrewskurth.com
dpalermo@andrewskurth.com
bpidcock@andrewskurth.com

**ATTORNEYS FOR DEFENDANT AETNA LIFE INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

On November 4, 2014, counsel for Aetna conferred with Scott R. Humphrey, Pierce & O'Neill, LLP, counsel for Humble Surgical Hospital, LLC, who advised that Humble was not opposed to this Motion.

*/s/Dena Palermo*
Dena Palermo

## CERTIFICATE OF SERVICE

On November 7, 2014, the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Dena Palermo*
Dena Palermo

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBLE SURGICAL HOSPITAL LLC, | § § | JURY DEMANDED |
| Plaintiff, | § § | |
| VS. | § § | |
| | § | CIVIL ACTION NO. 4:14-cv-03000 |
| AETNA LIFE INSURANCE COMPANY | § § | |
| Defendants. | § § | |

## ORDER GRANTING MOTION TO TRANSFER

The Motion to Transfer Case to Judge Hughes' Court is GRANTED. Civil Action No. 4:14-cv-03000 is hereby TRANSFERRED to the docket of Judge Lynn N. Hughes.

DATED this _____ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE

HOU:3490692.2