## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **HUMBLE SURGICAL HOSPITAL, LLC,** | § § § | |
| | § | **JURY DEMANDED** |
| **Plaintiff,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:14-cv-03000** |
| **AETNA LIFE INSURANCE COMPANY,** | § § | |
| | § | |
| **Defendant.** | § | |

### AETNA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Aetna Life Insurance Company ("Aetna") files this Answer to Plaintiff's First Amended Complaint ("Complaint), and would respectfully show the Court as follows:

### I.
### ANSWER

1.     Aetna admits the allegations in paragraph 1 of the Complaint.

2.     Aetna admits the allegations in paragraph 2 of the Complaint.

3.     Aetna admits the allegations in paragraph 3 of the Complaint.

4.     Aetna admits the allegations in paragraph 4 of the Complaint.

5.     Aetna admits that Humble Surgical Hospital, LLC ("Humble" or "Plaintiff") is a licensed hospital in Texas.   Aetna denies the remaining allegations in paragraph 5 of the Complaint.

6.     Aetna admits that Humble has entered into agreements with physicians and their shell practice entities whereby Humble agrees to pay them kickbacks of 30% of its collected facility fees in exchange for the physicians' referral of their patients to Humble for surgery ("Kickback Agreements").  As a result of Humble's payment of these kickbacks, Humble has

entered into more than one hundred Kickback Agreements with physicians and their shell entities. Aetna denies the remaining allegations in paragraph 6 of the Complaint.

7.      Aetna admits a claim can consist of two types of fees: a facility fee that is paid to a licensed facility provider, like a hospital, and a professional fee that is paid to a licensed physician. Aetna denies that the shell physician entities are entitled to bill for a facility fee because they are not licensed as a hospital. Further, Texas law prohibits a hospital from assigning or otherwise transferring its license. Thus, it is a violation of Texas law for Humble to transfer its license to these unlicensed entities through the Kickback Agreements so that the entities could bill for facility fees. The physicians who have Kickback Agreements with Humble are performing the exact same services they would perform if there were no agreement with Humble to "use" its facility. Thus, the physicians are entitled to a professional fee for covered services and are not entitled to facility fees for their services. Besides the fact that they are not licensed as a hospital, the physician's shell entities perform no services at all that would entitle them to bill for facility fees. In addition, the physician entities do not bill for the services. Humble's billing agent bills for the services and remits payment to the physicians for the referral of their patients through a bank account in the name of the physician's shell entity. Aetna denies the remaining allegations in paragraph 7 of the Complaint.

8.      Aetna denies the first sentence in paragraph 8. Aetna is without sufficient information to admit or deny the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore denies them, but notes the issue is before Judge Lynn N. Hughes in the related litigation referenced in Paragraph 9 of this Answer.

9.      Aetna denies that it misrepresents that the Kickback Agreements are illegal, improper, or unethical. Aetna admits that it sent the letter attached as Exhibit A and the notice

attached as Exhibit B to Humble's Complaint.  In fact, Judge Hughes has reviewed an identical letter and notice in litigation pending in his Court, *Aetna Life Ins. Co. v. Humble Surgical Hosp.,* No. 4:12-cv-01206, pending in the Southern District of Texas (Hon. Lynn Hughes), based on complaints from Humble that these statements are misleading.  Judge Hughes did not find anything misleading in the letters or notices and specifically ruled that Aetna could use the information it learned in discovery in that litigation in the administration of its claims.  *See* Order on Relief, *Aetna Life Ins. Co. v. Humble Surgical Hosp., LLC,* No. 4:12-cv-01206 (entered on November 26, 2013), ECF No. 177.  Aetna denies the remaining allegations in paragraph 9 of the Complaint.

10.     Aetna denies the allegations in paragraph 10 of the Complaint.

11.     Aetna denies that it lacks any privilege to make the statements.  In fact, Aetna has the right to make the statements to its members and to the in-network physicians who participate under contracts in Aetna's network.  Further, Judge Hughes specifically reviewed the letter and notice and denied Humble's request for relief and granted Aetna the authority to use the information it learned in the *Aetna v. Humble* litigation "as long as its use is directly related to its participants, plans, providers, practices, physicians, and other aspects of claim administration." *See id.*  Aetna further denies that the *Blackwell* Court held that Aetna had no standing to have a court make a determination on the legality of the Kickback Agreements. Aetna denies the remaining allegations in paragraph 11 of the Complaint.

12.     Aetna denies the allegations in paragraph 12 of the Complaint.

13.     Aetna admits that Humble sent a letter dated December 16, 2013, seeking retraction.  Aetna denies the remaining allegations in paragraph 13 of the Complaint.

14.     Aetna admits that it sent a letter to Humble that it would not retract the statements contained in the letters in as much Judge Hughes's Order on Relief sanctioned those statements. Aetna denies the remaining allegations in paragraph 14 of the Complaint.

15.     Aetna admits the allegations in paragraph 15 of the Complaint that it did not retract the statements as no retraction was required.

16.     Aetna incorporates its responses to the forgoing paragraphs by reference as if fully set forth herein.

17.     Aetna denies the allegations in paragraph 17 of the Complaint.

18.     Aetna denies the allegations in paragraph 18 of the Complaint.

19.     Aetna denies the allegations in paragraph 19 of the Complaint.

20.     Aetna denies the allegations in paragraph 20 of the Complaint.

21.     Aetna denies the allegations in paragraph 21 of the Complaint.

22.     Aetna denies that Humble is entitled to the relief it requests in paragraph 22 of the Complaint.

23.     Aetna denies that Humble is entitled to the relief it requests in paragraph 23 of the Complaint.

24.     Aetna denies the allegations in paragraph 24 of the Complaint.

25.     In so far as Humble's claims are brought under ERISA, Aetna denies that Humble is entitled to a trial by jury.  *See Cigna Corp. v. Amara,* 131 S. Ct. 1866 (2011).

26.     Aetna denies that Humble is entitled to the relief it seeks in the prayer of the Complaint. Aetna requests that the Court award it attorneys' fees under ERISA §502(g), 29 U.S.C. §1132(g).

## II.
## AFFIRMATIVE DEFENSES

27.    Plaintiff's Complaint fails to state any claim upon which relief can be granted against Aetna.

28.    Plaintiff failed to perform all conditions necessary to recover from Aetna in this lawsuit, including but not limited to, submitting honest bills to Aetna.

29.    Plaintiff's claims are barred under the doctrine of truth.

30.    Plaintiff's claims are barred under the doctrine of privilege. Plaintiff's allegations fail because Aetna has its own contractual relationship with its members, who also happen to be patients of Humble, which provides Aetna with an equal or greater right than Humble to contact Aetna's members, constituting a privilege to communicate with Aetna's members.  Plaintiff's allegations also fail because Aetna has its own contractual relationship with its in-network physicians, which provides Aetna with an equal or greater right than Humble to contact these physicians, constituting a privilege to communicate with Aetna's in-network physicians. Plaintiff's allegations further fail because Judge Hughes reviewed the documents that form the basis of Humble's complaint of defamatory and disparaging statements, which Humble previously raised in his court.  Judge Hughes entered an order denying Humble's claim for relief and granted Aetna the right to use the information it learned about the practices and providers "as long as its use is directly related to its participants, plans, providers, practices, physicians, and other aspects of claim administration."  *See* Order on Relief, *Aetna Life Ins. Co. v. Humble Surgical Hosp., LLC,* No. 4:12-cv-01206 (entered on November 26, 2013), ECF No.177. Thus, Aetna's actions were under a superior right of privilege.

31.     Plaintiff's claims are barred by the doctrine of issue preclusion, collateral estoppel or res judicata as Humble previously raised this same issue to Judge Hughes who ruled on Humble's request for relief and denied it. *See id.*

32.     Plaintiff's claims fail because Aetna's actions were neither arbitrary, capricious, nor an abuse of discretion.

33.     Plaintiff's claims fail because Aetna does not owe Humble a fiduciary duty.

34.     ERISA governs Plaintiff's claims and consequently all remedies are limited to those available under ERISA.

35.     Plaintiff cannot recover injunctive relief because Humble has not suffered irreparable harm.

36.     Plaintiff's damages, if any, should be reduced by the amount attributable to the Plaintiff's failure to mitigate damages.

37.     Plaintiff's own actions, in whole or part, caused any damages Plaintiff allegedly sustained. Any damages Plaintiff allegedly suffered, and, therefore, might otherwise recover against Aetna should be extinguished or reduced in comparative proportion to Humble's culpable conduct, including but not limited to its failure to submit honest bills to Aetna.

38.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

39.     Plaintiff's claims against Aetna are barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

### III.
### ATTORNEYS' FEES

40.     Aetna requests that the Court award it attorneys' fees under ERISA §502(g), 29 U.S.C. §1132(g) including but not limited to Aetna's attorneys' fees incurred in responding to

this suit Humble filed in state court in Connecticut, all briefing in the federal court in Connecticut, and all attorneys' fees incurred in otherwise defending this suit after Judge Hughes had already ruled that the identified statements were not defamatory and were privileged.

41.    Aetna reserves the right to amend or supplement its affirmative defenses as it obtains information through discovery or otherwise.

## IV.
## PRAYER

Defendant Aetna Life Insurance Company respectfully requests that the Court enter judgment that Plaintiff take nothing, and that Aetna be awarded its costs of court and such other and further relief to which it may be justly entitled.

Respectfully submitted,

**ANDREWS KURTH LLP**


By:  */s/ John B. Shely* _____
        **John B. Shely**
        Southern District No. 7544
        State Bar No. 18215300
        **Dena Palermo**
        Southern District No. 6082
        State Bar No. 08928830
        **Brian Pidcock**
        State Bar No. 24074895
        Southern District No. 1654553
        jshely@andrewskurth.com
        dpalermo@andrewskurth.com
        brianpidcock@andrewskurth.com

        **ATTORNEYS FOR DEFENDANT AETNA**
        **LIFE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

On November 21, 2014, forgoing document was filed with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Dena Palermo*
Dena Palermo

HOU:3496789.1